## STEELE v. UNITED STATES No. 2.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF NEW YORK.

No. 636. Argued March 11, 1925.—Decided April 13, 1925.

ERROR to a sentence under the National Prohibition Act. See also the case preceding, *ante,* p. 498.

*Mr. Meyer Kraushaar,* for plaintiff in error.

*Solicitor General Beck, Assistant Attorney General Willebrandt,* and *Mr. Mahlon D. Kiefer,* Special Assistant to the Attorney General, were on the brief for the United States.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is a direct writ of error under § 238 of the Judicial Code to a conviction in the District Court of John F. Steele on an information in the District Court, for unlawfully, willfully and knowingly possessing a quantity of intoxicating liquor in violation of the National Prohibition Act. The prosecution grew out of the seizure of whiskey and gin upon a search warrant, at 611 West 46th Street, New York City, the validity of which we have had occasion to examine in the case just preceding. The question here is as to the competency of the evidence of seizure under the search warrant which we there found sufficient. In addition to the grounds urged in the last case, the validity of seizure is attacked because the search warrant was issued to a general prohibition agent, when under § 6 of Title XI of the Espionage Act of June 15, 1917, (c. 30, 40 Stat. 217, 228), such a warrant must be issued " to a civil officer of the United States duly authorized to enforce or assist in enforcing any law thereof."

The argument is that the prohibition agent is appointed by the Commissioner of Internal Revenue, and therefore is only an employee and not a civil officer of the government in the constitutional sense, because such an officer under Article 2, Section 2 of the Constitution

can only be appointed either by the President and the Senate, the President alone, the courts of law or the heads of departments.

It should first be said that Steele is not in a position to raise this question. He might have raised it in the preceding case, but he did not do so, and did not assign error on account of it in his appeal to this Court. The refusal to vacate the search warrant and to return the liquor seized was a final decree. The question is therefore *res judicata* as against him.

But even if this were not so, we do not think the objection well taken. We think that the expression " civil officer of the United States duly authorized to enforce, or assist in enforcing, any law thereof," as used in the Espionage Act, does not mean an officer in the constitutional sense; that Congress in incorporating the provision in § 25, Title II, of the National Prohibition Act, did not so construe it and had no intention thus to limit persons authorized to receive and serve search warrants. It is quite true that the words " officer of the United States," when employed in the statutes of the United States, is to be taken usually to have the limited constitutional meaning. *Burnap* v. *United States*, 252 U. S. 512; *United States* v. *Mouat*, 124 U. S. 303; *United States* v. *Smith*, 124 U. S. 525. But we find that this Court in consideration of the context has sometimes given it an enlarged meaning and has found it to include others than those appointed by the President, heads of departments, and courts. *United States* v. *Hendee*, 124 U. S. 309. The emphasis of the words of description in the Espionage Act is really on the limitations that the person designated shall be a civil and not a military agent of the government and shall be one " duly authorized to enforce or assist in enforcing any law of the United States." It is not to be supposed that Congress wished to exclude from those empowered to receive and execute

search warrants persons usually called officers who are in their duties most widely employed to enforce or assist in enforcing laws. Thus deputy marshals of the United States are appointed by the United States marshal under whom they serve (§ 780, Revised Statutes), and he and his deputies have in each State the same power in executing the laws of the United States as the sheriffs and their deputies in such State in executing the laws thereof. The deputy marshal is not in the constitutional sense an officer of the United States, and yet marshals and deputy marshals are the persons chiefly charged with the enforcement of the peace of the United States, as that is embraced in the enforcement of federal law. *In re Neagle,* 135 U. S. 1, 68, 69. A deputy marshal is engaged in serving all sorts of writs and is called upon to exercise great responsibility and discretion in the service of some of them in dealing with the persons and property of individuals and in the preservation of their constitutional rights. The same thing may be said of deputy collectors of customs. Under § 2630, a collector of customs, with the approval of the Secretary of the Treasury, may employ within his district such number of proper persons as deputy collectors of customs as he shall deem necessary, and such deputies are declared to be officers of the customs, and the collector may exercise his powers and perform his duties by deputy. And one of the chief functions of the collectors of customs and of the deputy collector is the seizure of goods which have not paid a tax, as seen by Chapter 10 of Title 34 of the Revised Statutes. Deputy collectors of internal revenue are to be appointed by the Collector of Internal Revenue; § 3148 R. S. He may appoint as many as he thinks proper. Each deputy is to have the like authority which by law is vested in the collector himself, and distraint and seizure in the assessment and collection of taxes are authorized by Ch. 2, Title 35:

The National Prohibition Act in Title I, § 5, reads:

" The Commissioner of Internal Revenue, his assistants, agents, and inspectors, and *all other officers of the United States* whose duty it is to enforce criminal laws, shall have all the power for the enforcement of the War Prohibition Act or any provisions thereof which is conferred by law for the enforcement of existing laws relating to the manufacture or sale of intoxicating liquors under the laws of the United States."

Title II, § 28, is:

" The Commissioner, his assistants, agents, and inspectors *and all other officers of the United States* whose duty it is to enforce criminal laws shall have all the power in the enforcement of this act or any provisions thereof which is conferred by law for the enforcement of existing laws relating to the manufacture or sale of intoxicating liquors under the law of the United States."

Section 3462 of the Revised Statutes is one of the laws thus referred to in the foregoing sections, and provides:

" That the several judges of the circuit and district courts of the United States and commissioners of the circuit courts, may, within their respective jurisdictions, issue a search-warrant, authorizing any internal revenue officer to search any premises within the same, if such officer makes oath in writing that he has reason to believe, and does believe, that a fraud upon the revenue has been or is being committed upon or by the use of said premises."

Again, Title II, § 1, of the Prohibition Act, reads:

"Any act authorized to be done by the commissioner may be performed by any assistant or agent designated by him for that purpose."

Again, Title II, § 26, reads:

" When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting, in violation of the law, intoxicating liq-

uors in any wagon, buggy, automobile, water or air craft or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law."

The foregoing would seem to indicate that lawful seizures were not to be confined to constitutional officers.

Again, in § 6 of the Act Supplemental to the National Prohibition Act, 42 Stat. 222, it is provided that any officer, agent or employee of the United States engaged in the enforcement of this Act or the National Prohibition Act, or any other law of the United States, who shall search any private dwelling as defined in the National Prohibition Act, without a warrant directing such search, shall be guilty of a misdemeanor.

This justifies an inference that Congress expected searches to be made with search warrants by officers, agents or employees.

The question whether a prohibition agent has the power and right to serve a search warrant as provided in the Espionage Act, and § 25 of Title II of the National Prohibition Act, has led to some difference of opinion among the judges of the Circuit Courts of Appeals and also of the District Courts, but the weight of authority as indicated by the decisions is strongly in favor of the broader construction which vests the power and duty to receive and serve a search warrant in prohibition agents appointed by the Commissioner of Internal Revenue. *Raine* v. *United States,* 299 Fed. 407 (C. C. A. 9th); *Keehn* v. *United States,* 300 Fed. 493 (C. C. A. 1st); *United States* v. *American Brewing Co.,* 296 Fed. 772; *United States* v. *O'Connor,* 294 Fed. 584; *United States* v. *Syrek,* 290 Fed. 820; *United States* v. *Keller,* 288 Fed. 204.

The second question which is raised here by proper exception and assignment is whether the defendant had the right to have submitted to the jury the issue of fact

whether there was probable cause to issue the warrant, with direction that if the jury found that there was not probable cause, it should ignore the evidence resulting from the seizure and acquit the defendant. There are two answers to this assignment of error. One has already been referred to, that the fact of the existence of probable cause in the issue of the search warrant was *res judicata,* made so by the judgment of the court in the case preceding that the property could not be returned to Steele. The second answer is that the question of the competency of the evidence of the whiskey by reason of the legality or otherwise of its seizure was a question of fact and law for the court and not for the jury. *Gila Valley Ry. Co.* v. *Hall,* 232 U. S. 94, 103; *Bartlett* v. *Smith,* 11 M. & W. 483; *Doe dem. Jenkins* v. *Davies,* 10 Ad. & El. N. S. 314; 5 Wigmore, Evidence (2d Ed.) § 2550.

The judgment of the District Court is affirmed.

*Affirmed.*