## HOROWITZ v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. February 2, 1926.)

No. 1896.

1. **Criminal law** ⬅️605 — **Denial of continuance to procure witness held not error.**

Where motion to suppress evidence was denied before case was opened to jury, *held* that trial court did not abuse its discretion in denying motion for continuance, after government rested, to procure witness to such matter, especially in⸱ absence of offer of proof as to such witness' testimony.

2. **Criminal law** ⬅️695½—**Denial of motion to suppress evidence held res judicata in subsequent trial before jury.**

District Court's denial of motion to suppress evidence after hearing was res judicata on motion to strike in subsequent trial before jury, in absence of exception or assignment· of error.

3. **Intoxicating liquors** ⬅️236(6½)—**Evidence held to warrant finding that accused unlawfully possessed liquor found in his dwelling.**

Evidence *held* to warrant finding that accused unlawfully possessed liquor found in his dwelling for commercial purposes, and that liquor was recently acquired.

4. **Intoxicating liquors** ⬅️236(6½)—**Evidence held to warrant finding that accused unlawfully possessed liquor found in. his garage.**

Evidence *held* to warrant finding that accused unlawfully possessed liquor found in his garage.

5. **Criminal law** ⬅️970(7)—**Indictment and information** ⬅️121(1), 202(5)—**Objection that indictment was indefinite held cured by verdict, and could not be raised by motion in arrest of judgment; remedy being by asking bill of particulars.**

Objection that indictment was indefinite and did not clearly state crime was cured by verdict, and could not be raised by motion in arrest of judgment; accused's remedy being by asking for bill of particulars under National Prohibition Act, tit. 2, § 32 (Comp. St. Ann. Supp. 1923, § 10138½s).

In Error to the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Abraham Horowitz was convicted of unlawfully possessing intoxicating liquors, and he brings error. Affirmed.

Daniel T. Hagan, of Providence, R. I. (Peter W. McKiernan, of Providence, R. I., on the brief), for plaintiff in error.

Harold A. Andrews, of Providence, R. I., (Norman S. Case, of Providence, R. I., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a writ of error from a judgment of conviction in the federal District Court for Rhode Island on an indictment containing two counts. The counts are the same except as to the description of the intoxicating liquors. In each, after setting out the court, district, and term in which the indictment was found, it is charged that the defendant did "heretofore, upon a day certain, to wit, the 26th day of March, A. D. 1924, at said city of Providence, in said district, and within the jurisdiction of said court, unlawfully possess certain intoxicating liquor, to wit [describing the liquor and containers], each containing one-half of 1 per cent., or more, of alcohol by volume, otherwise than as authorized in the National Prohibition Act, that is to say, for beverage purposes, against the peace and dignity of the United States and contrary to the form of the statute of the same in such case made and provided."

The jury returned a verdict of guilty on each count, and the defendant was sentenced to pay a fine of $250 on each.

When the case was called for trial on June 3, 1925, the defendant presented to the court a petition for the suppression of evidence and return of liquors said to have been unlawfully seized at his home, reading as follows:

"And now comes Abraham Horowitz of the city and county of Providence and state of Rhode Island, the defendant in the above-entitled case, and says:

"(1) That on, to wit, the 26th day of March, A. D. 1924, he resided in and occupied a house at 32 Bogman street in said city of Providence.

"(2) That on said 26th day of March, A. D. 1924, while he was absent from his said home certain officers of the government, namely Earl R. Whittaker, John W. Morrill, and other agents of the government, unlawfully and without authority, entered his home and seized certain personal property.

"State of Rhode Island, Providence — Sc.:

"Abraham Horowitz, first being duly sworn, on oath deposes and says that he is the person whose name is subscribed to the foregoing petition for return of property unlawfully seized, that he is familiar with the contents of said petition for return of property unlawfully seized, and that the matters and things therein contained are true to the best of his knowledge, information, and belief. Abraham Horowitz.

"Subscribed and sworn to before me this 3d day of June, A. D. 1925.

"Peter W. McKiernan, Notary Public."

This petition was heard by the court and denied.

Among the errors assigned, the defendant relies upon the sixth, seventh, eighth, ninth, and twelfth. In these he complains that the court erred (1) "in refusing to grant a continuance to the defendant so that Ezra Kent, former prohibition agent, might be produced to testify in said case"; (2) "in denying the defendant's motion, made when the government rested, to strike out all evidence concerning the search of said premises and the seizures there made"; (3) "in refusing to direct a verdict of 'not guilty' at the close of all the evidence as to the first count"; (4) "in refusing to direct a verdict of 'not guilty' at the close of all the evidence as to the second count"; and (5) "in denying the defendant's motion in arrest of judgment as to the first count."

[1] The first assignment relied upon is without merit. It was within the discretion of the court to deny the motion for continuance. At the time it was made, the government had completed its evidence and rested, and the matter with relation to which the defendant proposed to call Mr. Kent, namely, the motion for a return of the liquor and a suppression of the evidence procured by the search and seizure, had been heard and denied by the court before the case was opened to the jury. The defendant therefore was not taken by surprise because of the introduction of the evidence obtained through the seizure, and there plainly was no abuse of discretion. Furthermore, the defendant made no offer of proof as to what Mr. Kent would testify to, and because of this there is nothing to indicate that he was in any wise prejudiced by the denial of the motion.

[2] The second assignment relied upon—the denial of the defendant's motion "to strike out all evidence concerning the search of said premises and the seizures there made"—is broader than the motion actually made. The motion was for "the exclusion of all testimony or striking from the record any testimony taken under the search warrant issued to search the *house*." There were two search

warrants. One was to search the dwelling house where the defendant lived. The liquors seized under this warrant are those complained of in the first count. There was also a garage on the premises located some 30 feet from the house, and it was in this garage that the liquors complained of in the second count were seized under the other warrant. It thus appears that this assignment of error is limited to a consideration of the competency of the evidence introduced that was procured under the warrant to search the house.

It does not appear from the record upon what ground the defendant claimed that this evidence was incompetent. If it was that the warrant was improperly issued or executed, he was foreclosed from raising that question before the jury, as it had been previously heard and passed upon by the court on the defendant's petition for a suppression of the evidence, as to which ruling no exception was taken and no assignment of error prosecuted. The competency of the evidence, so far at least as the question depended upon the legality of the warrant and seizure under it, was res judicata. Had the defendant desired to save the question, he should have excepted to the denial of his motion to suppress the evidence and assign it as error. Steele v. United States, No. 2, 267 U. S. 505, 507, 45 S. Ct. 417, 69 L. Ed. 761.

[3] The third and fourth assignments relate to the refusal of the court to direct verdicts of not guilty as to the first and second counts. The only evidence in the case is that presented by the government. It tended to prove that on the 26th day of March, 1924, certain prohibition officers, armed with a search warrant, went to 32 Bogman street in Providence, which was a dwelling house consisting of three tenements, the tenement on the lower floor being occupied by the defendant and his family; that they entered the lower tenement and proceeded to search it; that, at the time they entered, the defendant and his wife were not present; that some men were whitewashing the kitchen; that a Mr. Polofsky, a brother-in-law of the defendant, was there; that off the kitchen was a bedroom where two men were found playing cards, and a bottle of whisky, partly consumed, was found upon a table or dresser; that in the cellar beneath the kitchen was found some 19 or 20 cases of alcohol; that in a pantry off the kitchen were some 10 or 12 packages of liquor, containing 6 bottles to a package, in some of which was champagne and in others whisky, and also some packages with a single bottle; that these packages were done up in a white wrapping paper; that in the bedroom off the kitchen, where the men were playing cards, a trapdoor was discovered under a trunk leading down into a brick vault in the cellar, the only access to the vault being through the trapdoor; that in the vault was found nearly 700 cases of liquor, the greater portion of which were filled and contained 12 bottles to a case; that there were, however, a number of cases that had been opened and bottles removed; that the liquors consisted of champagne, some Gold Stripe and Old King Cole whisky and gin; that there was a window in the bedroom near the trapdoor; that directly beneath this window was a cellar window leading to the vault; that the cellar window was provided with an iron door which barred access to the vault; that the window sill in the bedroom, which was directly in front of the trapdoor in the floor of the bedroom, was well worn down, and showed signs that something had been slid over it; that the premises were owned by the defendant's wife, and the defendant and his family had lived there some 8 or 9 years; that, the defendant not being at home on the day of the search, a copy of the search warrant and receipt for the goods seized was given to Polofsky, the wife of the defendant declining to receive them; that on the following day Polofsky gave them to the defendant, who received them without protest; that in the same yard, at a distance of about 30 feet from the window opening into the bedroom by the trap door, was a garage having four or five separate compartments; that, while searching the dwelling the officers looked through a window or windows of the garage and discovered cases of liquor in the two nearest compartments; that they thereupon procured the second warrant to search the garage, which they entered and searched, seizing a quantity of liquors comprising champagne, gin, and alcohol, the brands being similar and put up in the same way as the cases of liquor found in the house; that some of these liquors in the garage were found upon a truck; that a copy of this search warrant and a receipt for the liquors seized under it were likewise delivered to Polofsky, and by him delivered to the defendant, at the same time and under the same circumstances as attended the delivery of the previous warrant. There was also abundant evidence that the liquors contained one-half of 1 per cent. or more of alcohol by volume, and that they were fit for beverage purposes.

We think that, on the foregoing evidence, the jury might reasonably find that the liq-

uors seized in the dwelling, where the defendant and his wife lived, were possessed by him unlawfully and for commercial purposes and not for the purpose of consumption by himself, his family and bona fide guests, irrespective of the time when he procured them; and, furthermore, that, without getting into the realm of conjecture, they could find that the liquors were of recent acquisition, and that their possession on that ground was unlawful.

[4] As to the second count, the defendant's contention is that there was no evidence that he owned or possessed the liquors in the garage or from which it could be found that he possessed them. But we think the evidence, showing that the liquors in the garage were of the same brands as those in the house, and were packed in cases like those in the house, and that the defendant received the search warrants and receipts without protesting that the liquors were not his, either at the time he received them, or at any time thereafter, taken in connection with other evidence in the case, was sufficient to warrant the conclusion that he possessed them, and made out a prima facie case of unlawful possession.

[5] After the jury had returned verdicts of guilty, the defendant filed a motion in arrest of judgment as to the first count, and contends that it is bad for indefiniteness; that it does not state with sufficient clarity the crime he was called upon to defend. Had he seen fit, he could, under section 32, tit. 2, of the Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½s) have called upon the government to furnish him with a bill of particulars. This he did not do, but went to trial without objection. Under the circumstances we think the defects in the allegations, if any, were cured by the verdict. Wilson v. United States (C. C. A.) 275 F. 307.

The judgment of the District Court is affirmed.