### KEITH et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 12, 1926.)

No. 4446.

1. **Intoxicating liquors** ⬤≈222—**Indictment alleging possession of liquor was prohibited and unlawful need not negative defense of lawful possession, burden of proof being on defendant.** (National Prohibition Act, tit. 2, §§ 32, 33 [Comp. St. Ann. Supp. 1923, §§ 10138½s, 10138½t]).

Under National Prohibition Act, tit. 2, § 32 (Comp. St. Ann. Supp. 1923, § 10138½s), where indictment charged possession of liquor was prohibited and unlawful, proof of lawful possession, as permitted by section 33 (Comp. St. Ann. Supp. 1923, § 10138½t), could be offered in defense, but it was unnecessary to negative such defense; burden of proof being on defendant.

2. **Searches and seizures** ⬤≈3.

Affidavit on which search warrant was issued, reciting in detail facts tending to establish probable cause, is sufficient, not only in form, but in substance.

3. **Criminal law** ⬤≈423(5)—**Testimony in reference to liquor taken from person of one of defendants was admissible against other defendants, in prosecution for conspiracy to violate prohibition law** (National Prohibition Act, tit. 2, § 3 [Comp. St. Ann. Supp. 1923, § 10138½aa]).

In prosecution for conspiracy to violate National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa), and for unlawful possession of liquor, testimony with reference to liquor taken from person of one of defendants on his arrest was admissible against the other defendants.

4. **Criminal law** ⬤≈422(9)—**Testimony in reference to liquor taken from person of one of defendants was properly admitted against him, in prosecution for conspiracy and for unlawful possession** (National Prohibition Act, tit. 2, § 3 [Comp. St. Ann. Supp. 1923, § 10138½aa]).

In prosecution for conspiracy to violate National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa), and unlawful possession of liquor, testimony in reference to liquor taken from person of one of defendants was properly admitted as against him.

5. **Arrest** ⬤≈71.

Right to search is incident to lawful arrest.

6. **Conspiracy** ⬤≈45—**Intoxicating liquors** ⬤≈233(2)—**Evidence of liquor, bottles, and apparatus found in defendant's premises in prior searches was properly received, in prosecution for conspiracy to violate prohibition laws and for unlawful possession** (National Prohibition Act, tit. 2, § 3 [Comp. St. Ann. Supp. 1923, § 10138½aa]).

In prosecution for conspiracy to violate National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa), and for unlawful possession, evidence of liquor, bottles and apparatus found on defendant's premises in prior searches was properly received, though no arrests or seizures were then made.

7. **Criminal law** ⬤≈322.

No presumption obtains that prior search warrants were unlawfully issued merely because no arrests or seizures were made.

8. **Criminal law** ⬤≈1159(2, 4).

Circuit Court of Appeals cannot determine weight of evidence or credibility of witnesses.

9. **Conspiracy** ⬤≈47—**Proof of conspiracy is sufficient, if evidence shows concert of action in commission of unlawful act, or other facts from which natural inference arises that unlawful overt act was in furtherance of common design, intent, and purpose of alleged conspirators.**

To establish conspiracy it is sufficient if evidence shows such concert of action in commission of unlawful act, or other facts or circumstances from which natural inference arises, that unlawful overt act was in furtherance of common design, intent, and purpose of alleged conspirators.

10. **Conspiracy** ⬤≈47—**Intoxicating liquors** ⬤≈236(6½)—**In prosecution for conspiracy and for possession of liquor, evidence held to justify inference that intoxicating liquor, lawfully purchased, was kept and used in violation of Prohibition Act** (National Prohibition Act, tit. 2, § 3 [Comp. St. Ann. Supp. 1923, § 10138½aa]).

In prosecution for conspiracy to violate National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa), and for unlawful possession of liquor, evidence held sufficient to establish inference that intoxicating liquor, although lawfully purchased, was kept and used in violation of title 2.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Joe Keith and others were convicted of conspiracy to violate National Prohibition Act, tit. 2, § 3, and of unlawful possession of whisky, and they bring error. Affirmed.

The indictment upon which the plaintiffs in error were tried and convicted charges them with a conspiracy to violate section 3 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½aa) by the unlawful possession of intoxicating liquors; such possession being then and there

prohibited and unlawful. The second count charges the defendants with the unlawful possession of 30 gallons of whisky for beverage purposes in violation of the provision of the same act.

Keith was the proprietor of the Criterion Café, located on North Limestone street, in Lexington, Ky., and about two blocks away from an apartment at 144 South Limestone street, occupied by himself and his co-defendant, Johnson, as a residence. Prior to the taking effect of the Eighteenth Amendment and the National Prohibition Law he had ten barrels of whisky in his saloon, which he removed to his apartment at 144 South Limestone street. McCormick was an employé of Keith at the Criterion Café. Before the National Prohibition Law went into effect Johnson was engaged with Keith in the saloon business, but since that time he has been operating a soft drink stand on South Limestone street, about half a block away from the apartment occupied by himself and Keith. Fields, a Federal Prohibition Agent, suspected that whisky was being unlawfully sold at the Criterion Café and at the soft drink stand operated by Johnson, and for more than a month had kept very close watch upon these two places, and upon the actions of these three defendants, and saw them making very frequent trips during all hours of the day and night from their respective places of business to the Keith and Johnson apartment, and returning almost immediately to their business places. It further appears from the evidence that two other searches had been made of the Keith and Johnson apartment, one in April, 1920, and another a few days after Christmas in 1922. These searches were made upon authority of search warrants, but these warrants and the affidavits upon which they were issued were not introduced in evidence. When the first search was made, 9 full barrels of whisky were found in the apartment. When the second search was made, there were but 2 barrels, containing about 70 gallons of whisky. There was also found in the apartment upon the second search about 90 half-pint bottles and about 2,000 new corks of proper size for these bottles; a half-gallon copper automatic bottle-filling funnel, siphons, and other bottling paraphernalia. No arrest or seizures were made upon either of these search warrants.

On the night of February 24, 1923, Prohibition Agent Fields was watching these apartments. He saw McCormick come out of the Criterion Café about 11:50 p. m. and walk rapidly to the Keith and Johnson apartment, went into the building, and, staying less than three minutes, came out with his pockets bulging as though carrying "bottles or some kind of containers." He followed him about a half block, when McCormick discovered that he was being followed and started to run. Fields pursued, overtook, and arrested him, and found a full pint bottle and a half pint bottle of whisky upon his person. On the 12th of June, following the arrest of McCormick, Keith and Johnson were indicted for conspiracy to violate the National Prohibition Law by the unlawful transportation of intoxicating liquors, and in the second count charging the unlawful transportation of intoxicating liquors; but the matter was re-referred to the grand jury in January, 1924, which grand jury returned this indictment, upon which it appears from the record that these defendants were tried and convicted.

Charles Fennell, of Lexington, Ky., for plaintiffs in error.

Sawyer A. Smith, U. S. Atty., of Covington, Ky. (John E. Shepard, Asst. U. S. Atty., of Covington, Ky., on the brief), for the United States.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). The defendants, by demurrer, challenged the sufficiency of the indictment, and the overruling of that demurrer is assigned as error. Section 3 of title 2 of the National Prohibition Act provides in express terms that "no person shall * * * possess any intoxicating liquor except as authorized in this act." Section 33 of the same title (Comp. St. Ann. Supp. 1923, § 10138½t), provides that "it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only * * * provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used." Section 32 (Comp. St. Ann. Supp. 1923, § 10138½s) provides that "it shall not be necessary in any affidavit, information, or indictment * * * to include any defen-

sive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful."

[1] The first count of this indictment charges that the possession contemplated by the alleged conspiracy "was then and there prohibited and unlawful," and the second count contains the same averment in reference to the actual possession of intoxicating liquor as charged in that count. If, therefore, these defendants claimed this intoxicating liquor was lawfully acquired, possessed, and used as permitted by section 33, proof of such fact could be offered in defense, but under the provision of section 33, it was unnecessary to negative these defenses, and under section 33, the burden was upon the defendant to prove these facts. Huth v. U. S. (C. C. A.) 295 F. 35–37; Miller v. U. S. (C. C. A.) 300 F. 529–533; Williams v. U. S. (C. C. A.) 3 F.(2d) 933, 934, and cases there cited. The demurrer to the indictment was properly overruled.

[2] It is also claimed that the court erred in denying the petition of defendants to reject the evidence obtained and for the return of the property seized under the authority of the search warrant issued for the search of defendants' premises. The affidavit upon which this search warrant was issued recites in detail the facts tending to establish probable cause. It is not only sufficient in form but in substance. Steele v. U. S. No. 1, 45 S. Ct. 414, 267 U. S. 498, 69 L. Ed. 757, and Steele v. U. S. No. 2, 45 S. Ct. 417, 267 U. S. 505, 69 L. Ed. 761.

[3, 4] No application was made for the return of the whisky taken from the person of McCormick, nor were any objections made to the testimony offered in reference thereto. In any event it was admissible against Keith and Johnson. Remus v. U. S. (C. C. A.) 291 F. 501, 511, and cases there cited. This evidence was also properly admitted as against McCormick. The first count of the indictment charges that McCormick was engaged in this unlawful conspiracy with Keith and Johnson, and evidence was offered tending to prove that he was then and there engaged in the commission of an overt act in furtherance of the purpose of this conspiracy.

[5] His arrest was lawful and the right to search is incident to a lawful arrest. Brady et al. v. U. S. (C. C. A.) 300 F. 540, 543; Baron et al. v. U. S. (C. C. A.) 286 F. 822, 824, 825.

[6, 7] It is further claimed that it was prejudicial error to receive the evidence offered by the government tending to prove the amount of liquor, bottles, and bottling paraphernalia discovered during the prior searches. It is contended that in the absence of evidence tending to prove their validity it must be conclusively presumed that these search warrants were unlawfully issued, because no arrests and no seizures were made. No objection was made to the introduction of this evidence, and, even if such objection had been made, the evidence was properly received. No presumption obtains that these prior search warrants were unlawfully issued, merely because no arrests or seizures were made. If the search developed no evidence of unlawful possession or unlawful sale, there would be no occasion for arrest and nothing subject to seizure.

[8, 9] At the close of all the evidence the defendants moved the court for a directed verdict, and the overruling of this motion is assigned as error. This presents the question of whether there was any substantial evidence offered by the government to sustain the verdict of the jury. This court cannot determine the weight of the evidence or the credibility of the witnesses. Conspiracy, as a rule, is not susceptible of direct proof of a definite plan or agreement entered into by conspirators, but it is sufficient if the evidence shows such a concert of action in the commission of an unlawful act, or other facts and circumstances from which the natural inference arises that the unlawful overt act was in furtherance of a common design, intent, and purpose of the alleged conspirators. Reed v. U. S. (C. C. A.) 276 F. 273; Davidson v. U. S. (C. C. A.) 274 F. 285.

[10] It is sufficient to say that substantial evidence was offered by the government tending to establish such a state of facts as would justify the inference that this intoxicating liquor, although lawfully purchased, was nevertheless kept and used by the defendants in violation of title 2 of the National Prohibition Act. All of these facts and circumstances, from which such inferences would naturally be drawn, might be fully explained to the satisfaction of the jury; but, unfortunately for the defendants in this case, the jury evidently did not believe their explanation. Baron et al. v. U. S. (C. C. A.) 286 F. 822, 823, 824.

The judgment is affirmed.