**BIDDLE, Warden, v. WILMOT.**

(Circuit Court of Appeals, Eighth Circuit. July 26, 1926.)

No. 7215.

**1. Criminal law ⬅984—Indictment and information ⬅130—Counts in indictment for bribery, charging different acts on different days, charged separate offenses, and on conviction defendant may be sentenced on each (Cr. Code, § 117 [Comp. St. § 10287]).**

In a prosecution of a government agent under Cr. Code, § 117 (Comp. St. § 10287), for accepting a bribe where the indictment contains more than one count, each charging a different act committed on a different day, though all having the same purpose, each count charges a separate offense, and on conviction defendant may be sentenced on each within the limit prescribed by the statute.

**2. Criminal law ⬅995(6).**

Order in which counts are named in a sentence does not determine which sentence is to be first served.

**3. Bribery ⬅1(2).**

Federal prohibition agent is subject to prosecution for accepting a bribe under Cr. Code, § 117 (Comp. St. § 10287).

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Habeas corpus petition by Roy Wilmot against W. I. Biddle, as Warden of the United States Penitentiary at Leavenworth, Kan. From an order discharging petitioner, respondent appeals. Reversed.

Al-F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan., for appellant.

Benjamin F. Endres and Keefe O'Keefe, both of Leavenworth, Kan., for appellee.

Before LEWIS, Circuit Judge, and TRIEBER and KENNAMER, District Judges.

TRIEBER, District Judge. This is an appeal from an order of the District Court discharging the appellee from confinement in the penitentiary at Leavenworth, Kan., upon a petition of habeas corpus.

The material facts in the petition are that he is unlawfully detained in prison by the appellant; that he had been indicted in the District Court of the United States for the Northern District of California for having violated section 117 of the Penal Code (Comp. St. § 10287) by accepting bribes while a prohibition agent of the United States.

There were three counts in the indictment; the first count, after setting out fully that the appellee was a prohibition agent, duly appointed and acting, and that as such prohibition agent he made an affidavit before a duly appointed and acting United States commissioner for the said district, charging Roscoe Benson and J. J. Kolburn with the sale of intoxicating liquors. Thereupon a warrant was issued by the commissioner, the parties arrested, and the cause set for final hearing before the said commissioner on the 26th day of July, 1922, who dismissed the charge against Roscoe Benson, and held the defend-

ant J. J. Kolburn to await the action of the grand jury.

It was then charged that on the 12th day of June, 1922, the appellee accepted a bribe from J. J. Kolburn, for the purpose of influencing him in favor of the said Benson and Kolburn, viz.: An automobile belonging to the said J. J. Kolburn, and which said automobile was accepted and received, possessed, and used by said Roy Wilmot for his own private use and purposes.

The second count charges in similar language the acceptance on June 17, 1922, of five gallons of whisky from Benson and Kolburn as a bribe for the same unlawful purpose.

The third count charges the acceptance of a bribe from J. J. Kolburn of $100 in money on the 29th day of July, 1922, for the same purpose, as set out in the first count.

Upon a trial to a jury, he was found guilty on all three counts and sentenced. The sentence reads:

"It is therefore ordered and adjudged that the said Roy Wilmot be imprisoned in the United States Penitentiary at Leavenworth, Kan., for the period of three (3) years and pay a fine of $300, on the third count of the indictment, and be imprisoned for the period of one year on the second count of the indictment and one year on the first count of the indictment; further ordered that said terms of imprisonment run consecutively.

"Judgment entered this 16th day of December, A. D. 1922."

The commitment, after setting out the conviction and sentence of appellee, proceeded:

"And this is to command you, the said keeper and warden and other officers in charge of the said United States Penitentiary, to receive from the United States marshal of the said Northern District of California, the said Roy Wilmot convicted and sentenced as aforesaid and him the said Roy Wilmot keep and imprison for the term of five (5) years.

"Herein fail not."

The grounds upon which the petition for the writ is based are as follows:

"Your petitioner therefore states that he has been advised by counsel that his term of imprisonment has expired and terminated and that he is entitled to his liberty; that such term expired April 7, 1925. Upon the same advice, your petitioner contends that the judgment and sentence of said court is and was unlawful because the honorable United States District Court for the Northern District of California sentenced your petitioner to a term of one year under the first count, and a term of one year under the second count of said indictment, and further ordered that

said terms of imprisonment run consecutively, without specifying the order in which said terms were to be served, or when the same began and terminated; and for the further reason that no more than one sentence of three years' imprisonment and a fine of $300 could lawfully be imposed upon your petitioner under section 117 of the Criminal Code of the United States, inasmuch as the offenses therein charged were each acts forming part of one act of receiving a bribe or gratuity with the intent to influence the action of petitioner, at said time a person acting for and on behalf of the United States, as alleged and set forth in said indictment; also that said sentence is unlawful for uncertainty, except as to the term of three years under the third count of said indictment, which has expired, and that the court had no lawful right to impose more than one term of three years imprisonment on him and assess a fine of three hundred dollars."

A motion to dismiss the writ was filed on behalf of the appellant, and by the court denied, and thereupon the appellee was discharged from the custody of the appellant.

It was also set out in the petition that on March 30, 1925, the warden issued a certificate to the following effect:

"To Whom This May Concern: Roy Wilmot, register No. 18789, was received at this institution January 4, 1923, from San Francisco, Cal., under sentence of five (5) years for accepting a bribe.

"Wilmot is employed as a cellhouse orderly; his services having been efficient and satisfactory.

"He has maintained a most excellent conduct record since his arrival, never having been reported for any infraction of the institutional rules."

—and that under the provision of section 10532, U. S. Comp. St. (32 St. 397), he was entitled to a credit of seven days on each month of the three years, which entitled him to a discharge on April 7, 1925.

The contention on behalf of the appellee, and evidently sustained by the learned trial judge, was that, as the judgment and sentence on the first and second counts, for one year each, failed to specify the order in which the said terms were to be served or when the same began and terminated, and also that only one sentence of imprisonment and fine could be lawfully imposed on the appellee upon a conviction under section 117 of the Penal Code, inasmuch as the offenses charged therein were each acts forming parts of one act of receiving a bribe or gratuity, with the intent to influence the action of the petitioner at said

time, a person acting for and on behalf of the United States, as alleged and set forth in the indictment. Therefore it is insisted that the court had no lawful right to impose more than one term of imprisonment and a fine.

[1] As there were three different acts of bribery charged in the three counts, committed on three different days, although for the same purpose, each was clearly a separate offense, and the court had jurisdiction to sentence him, on a verdict of guilty on all counts, on each of them. This has been finally determined by the Supreme Court of the United States in United States v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. ——.

[2] Appellee assumes that under the sentence the three-year term on the third count was to be served first. We see no reason for this. The terms of imprisonment might be served in the order in which the offenses were charged in the indictment as logically as in the order in which they are stated in the sentence. We find nothing in the record defining the order of sequence.

[3] It is also contended in the argument, although not set out in the petition, that a prohibition agent, or enforcement officer is not an officer within the meaning of the law, and therefore is not subject to indictment under section 117 of the Penal Code, citing a number of decisions by District Courts. But this has been foreclosed by the decisions of the Supreme Court in Steele v. United States, 267 U. S. 505, 45 S. Ct. 417, 69 L. Ed. 761, and Maryland v. Soper, 270 U. S. 9, 46 S. Ct. 186, 70 L. Ed. ——.

The court erred in discharging the appellee from further imprisonment, and the judgment is therefore reversed.