### GERAHTY et al. v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
November 15, 1928.

No. 2756.

R. Palmer Ingram, of Baltimore, Md. (Helen Elizabeth Brown and Samuel S. Levin, both of Baltimore, Md., on the brief), for appellants.

A. W. W. Woodcock, U. S. Atty., and Arthur U. Hooper, Asst. U. S. Atty., both of Baltimore, Md.

Before NORTHCOTT, Circuit Judge, and WATKINS and WEBB, District Judges.

PER CURIAM. This is an appeal from the District Court of the United States for the District of Maryland. The defendants were found guilty of a violation of the National Prohibition Act (27 USCA), and were sentenced to fine and imprisonment on the third and fourth counts of the indictment against them. At the term at which the indictments were returned, the defendants, by counsel, moved to quash a search warrant under which a search was made of the premises where the defendants were alleged to be operating a saloon. A petition to suppress the evidence found in the search was also filed. The trial judge refused to quash the warrant and suppress the evidence, and the case was tried by jury, with the result that a verdict of guilty was rendered.

Several questions were raised with regard to the validity of the search warrant; the first being that it was not issued upon probable cause, and did not properly describe the premises where the sale was alleged to have been made. The premises were described in the affidavit for the warrant and the warrant itself as a three-story brick building, when in fact it was a two-story building. It is also urged against the validity of the warrant that included in it was a garage in the rear of the building in question, with which garage there was no connecting door. It was urged on behalf of the government that, while there was no connection between the garage and the building, yet they abutted immediately against each other, and that there was no connecting door, because the ordinance of the city of Baltimore for fire prevention prohibited it. The garage was a three-story building.

The question of probable cause and the question of the legality of the search warrant are judicial questions for the court and not for the jury. Steele v. United States, 267 U. S. 505, 45 S. Ct. 417, 69 L. Ed. 761. The search warrant was issued upon affidavit alleging a sale, and was supported by the affidavit of a prohibition enforcement

officer. There was no allegation as to sale in the garage. We are of the opinion that the finding of the trial court that there was probable cause was correct. The warrant sufficiently described the premises, so that no mistake could be made as to their location, and the affidavit as to sales being conducted on the premises in violation of the law was clear and explicit. The defendants were running an open saloon, with signs on the outside of the building, and the search under the warrant disclosed an open and flagrant violation of the National Prohibition Act. The fact that a part of the premises was inadvertently described as being three stories high, when in fact it was only two stories, should not invalidate a search warrant otherwise correct, in which the premises were definitely and accurately described.

█ While there was a search of the garage under the warrant, in the trial of the case nothing disclosed by this search was used against the defendants, and the inclusion of the garage in the warrant did not in any way prejudice them at the trial. It has been held by this court that a judgment will not be reversed because of an immaterial matter. Malacrauis v. United States (C. C. A.) 299 F. 253.

Under present-day conditions, we are of the opinion that the inclusion in the search warrant of a garage immediately in the rear and immediately connected with and adjoining a building in which the illegal sale of liquor in violation of the National Prohibition Act is being carried on is not a violation of the rghts of the citizens under the Fourth Amendment. It is true that every precaution should be taken to insure the rights of citizens from unlawful search and seizure, yet objection to a search duly and properly had in the effort to apprehend criminals should not be sustained, when they are immaterial, and not founded upon reason and right. To give heed to an objection of this kind would be to defeat the ends of justice.

The two affidavits upon which the warrant was issued were clearly sufficient. "If the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that the offense" is being "committed, it is sufficient." Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Steele v. United States, 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757.

There was ample evidence upon which the jury could base a verdict of guilty, and there was no error in the trial. The search warrant was properly issued upon probable cause.

None of the evidence found in the garage was used in the trial against the defendant.

There was no error, and the judgment is accordingly affirmed.