## LEVEE v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit. November 15, 1928.

No. 2757.

R. Palmer Ingram, of Baltimore, Md. (Helen Elizabeth Brown and Samuel S. Levin, both of Baltimore, Md., on the brief), for appellant.

A. W. W. Woodcock, U. S. Atty., and Arthur U. Hooper, Asst. U. S. Atty., both of Baltimore, Md.

Before NORTHCOTT, Circuit Judge, and WATKINS and WEBB, District Judges.

PER CURIAM. This is an appeal from the judgment of the District Court of the United States for the District of Maryland, sentencing the appellant, who will be referred to here as the defendant, to imprisonment, upon a verdict of guilty of violating the National Prohibition Act (27 USCA).

The indictment contained four counts and was found at the June, 1927, term of the court. At the same term at which the

indictment was found, the defendant, by counsel, moved to quash a search warrant under which a search of the premises where the defendant was alleged to have made the sale was made. A petition was also filed, praying for the suppression of the evidence obtained by the search, on the ground that the said warrant was improperly obtained, and was not based upon sufficient information to show probable cause, and for the further reason that upon affidavit of sale in the premises in the front of the property the warrant also included the garage in the rear. The garage immediately adjoined the building in which the sale was alleged to have taken place. Between the garage and the building there was no communicating door. The judge below refused the motion to quash the warrant and suppress the evidence, and held that the search warrant was properly issued upon a valid and sufficient affidavit.

In addition to the objection to the search warrant, the only other point raised by the defendant is that there was not sufficient evidence to justify the verdict, and that the court below erred in overruling the defendant's motion to exclude the government's testimony and direct a verdict for the defendant.

The search warrant was issued upon affidavit alleging sale, and was supported by the affidavit of a prohibition enforcement officer. The premises were properly and accurately described. There was no allegation as to sale in the garage in rear, and no allegation as to whisky being stored in the garage. We are of the opinion that, under present-day conditions, a garage in the rear of a building where the National Prohibition Law is being violated by the sale of intoxicating liquor may properly be included in the search warrant authorizing the search of the premises.

The two affidavits upon which the warrant was issued were clearly sufficient. "If the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that the offense is being committed it is sufficient." Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Steele v. United States, 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757.

The question as to whether there was probable cause is a judicial question, for the court, and not for the jury. Steele v. United States, 267 U. S. 505, 45 S. Ct. 417, 69 L. Ed. 761.

Although included in the search warrant, as issued, the garage in question was not searched under the warrant, and no evidence as to anything found in the garage was introduced against the defendant in the trial of the case. The defendant was in no way prejudiced by anything brought out in the trial in connection with the garage, and its inclusion in the search warrant, if improper, would not constitute reversible error. Malacrauis v. United States (C. C. A.) 299 F. 253.

While it is true that every precaution should be taken to protect the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures," yet an immaterial objection, not founded upon reason, should not be allowed to defeat the ends of justice.

The defendant, according to the evidence, was engaged in conducting what is known as a saloon, in open violation of the National Prohibition Act. There was probable cause for the issuance of a search warrant, and it was valid.

There was no error in the trial and the judgment is accordingly affirmed.