### DROPPS v. UNITED STATES. *

Circuit Court of Appeals, Eighth Circuit.
July 1, 1929.

No. 8219.

E. W. Swenson, of Foley, Minn., for appellant.

Lewis L. Drill, U. S. Atty., and George A. Heisey, Asst. U. S. Atty.; both of St. Paul, Minn.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and OTIS, District Judge.

OTIS, District Judge. In the District Court appellant was found guilty of violating section 117 of the Criminal Code (section 207, title 18, U. S. C. [18 USCA § 207]) and was sentenced to imprisonment in the United States penitentiary at Leavenworth for three years and to pay a fine of $100. He has appealed from that judgment on the grounds, first, that the indictment charges no offense within section 117, and, second, that that section is unconstitutional. The sufficiency of the indictment was not questioned in the District Court.

Section 117 is as follows: "Whoever, being an officer of the United States, or a person acting for or on behalf of the United States, in any official capacity, under or by virtue of the authority of any department or office of the government thereof; * * * shall ask, accept, or receive any money, or any contract, promise, undertaking, obligation, gratuity, or security for the payment of money, or for the delivery or conveyance of anything of value, with intent to have his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity, or in his place of trust or profit, influenced thereby, shall be fined not more than three times the amount of money or value of the thing so asked, accepted, or received, and imprisoned not more than three years; and shall, moreover, forfeit his office or place and thereafter be forever disqualified from holding any office of honor, trust, or profit under the government of the United States."

The indictment here, clearly intended to be brought under this section, charged that the appellant "Charles Dropps then and there being an officer of the United States and a person acting for and on behalf of the United States in an official capacity, to-wit: a prohibition agent of the prohibition bureau of the treasury department of the United States of America, and while acting in said official capacity, unlawfully, wilfully, knowingly, feloniously and corruptly did ask for and receive from one Charles Dusha a sum of money, to-wit: fifty dollars ($50.00) with intent then and there to influence the official action and decision of him, the said Charles E. Dropps, in his official capacity as said 'prohibition agent' of the prohibition bureau of the treasury department of the United States of America in arresting the said Charles Dusha and one Fred Komoruski for a violation of a law of the United States, to-wit: the National Prohibition Act; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

1. Notwithstanding the sufficiency of the indictment was not attacked in the court below, the question whether it charges any offense may be raised here for the first time. Shilter v. United States (C. C. A.) 257 F. 724, 725; Sonnenberg v. United States (C. C. A.) 264 F. 327, 328; McGrath et al. v. United States (C. C. A.) 275 F. 294, 295.

2. The argument of the appellant in support of his contention that the indictment charges no offense within section 117 is that the law does not eo nomine provide for such an officer as a prohibition agent. Undoubted-

ly that is true if only the statutes enacted by the Congress are considered. The National Prohibition Act does not mention "prohibition agents," but it repeatedly refers to "agents" who are to participate in the enforcement of the act. Sections 5, 11, 45, 61, title 27, U. S. C. (27 USCA §§ 5, 11, 45, 61). And it expressly authorizes the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, to prescribe regulations for carrying out the provisions of the act. Section 4, title 27, U. S. C. (27 USCA § 4). Such regulations have been prescribed from time to time. Therein the "agents" authorized to be appointed by the National Prohibition Act repeatedly are designated as "prohibition agents" (e. g. see section 123, regulation 2, approved by the Secretary of the Treasury, September 2, 1927. See, also, an excellent discussion of this subject in Crinnian v. United States (C. C. A. 6) 1 F.(2d) 643, 644). The law, which includes the regulations, does then use the very term "prohibition agent" employed in the indictment here. When the National Prohibition Act and the regulations are read together it is clear that a "prohibition agent," as that term is used in the regulations, is an "agent," as that term is used in the act. The Supreme Court of the United States at least twice has ascribed to "prohibition agents" the powers of "agents" under the act. Steele v. United States, 267 U. S. 505, 45 S. Ct. 417, 69 L. Ed. 761; Maryland v. Soper, 270 U. S. 9, 46 S. Ct. 185, 70 L. Ed. 449. It is now, moreover, a matter of universal knowledge, of which judicial notice may be taken, that prohibition agents are the agents used in the field under the Treasury Department in the enforcement of the act. Crinnian v. United States, supra. It was sufficient, so far as the present contention is concerned, to charge without more that the appellant was a prohibition agent. Charging that charged that he was an official having duties imposed on him by law and exercised by him "under or by virtue of authority of a department of the government." But here, in addition to alleging that the appellant was a prohibition agent, the indictment also specifically alleged that he was a "person acting for and on behalf of the United States in an official capacity, to wit, a prohibition agent of the Prohibition Bureau of the Treasury Department of the United States of America." Clearly then in this case there is no question that with the allegations stated in the indictment the appellant was brought within the provisions of section 117. Rembrandt v. United States

(C. C. A.) 281 F. 122, 124; Cohen v. United States (C. C. A.) 294 F. 488, 490; Capuano v. United States (C. C. A.) 9 F.(2d) 41; Henderson v. United States (C. C. A.) 24 F. (2d) 811; Biddle, Warden, v. Wilmot (C. C. A.) 14 F.(2d) 505.

In the case of Biddle, Warden, v. Wilmot, supra, decided by this court July 26, 1926, the question was as to whether an indictment was good which charged that one Wilmot, as a prohibition agent, had accepted a bribe in violation of section 117. The court said: "It is also contended in the argument, although not set out in the petition, that a prohibition agent, or enforcement officer is not an officer within the meaning of the law, and therefore is not subject to indictment under Section 117 of the Penal Code, citing a number of decisions by district courts. But this has been foreclosed by the decisions of the Supreme Court in Steele v. United States, 267 U. S. 505, 45 S. Ct. 417, 69 L. Ed. 761, and Maryland v. Soper, 270 U. S. 9, 46 S. Ct. 186, 70 L. Ed. 449."

3. It is not necessary to go so far in this case as was done in Biddle, Warden, v. Wilmot and to hold that a prohibition agent is an officer of the United States within the meaning of section 117, if that case may be interpreted as so holding. Generally speaking, an officer of the United States, in the strict and constitutional sense, is one who is appointed by the president or by a court of law or by the head of a department. Const. art. 2, § 2; United States v. Germaine, 99 U. S. 508, 510, 25 L. Ed. 482; United States v. Smith, 124 U. S. 525, 532, 8 S. Ct. 595, 31 L. Ed. 534. In this sense, of course, prohibition agents are not officers of the United States. Section 117, however, is directed not only against officers of the United States, but against persons acting for or on behalf of the United States in any official capacity, under or by virtue of the authority of any department or office of the government. Even if a prohibition agent is not an officer of the United States, undoubtedly he is within the second class included in section 117. We hold no more than that in this case.

4. Appellant's contention that section 117 is unconstitutional is, in his assignment of errors, based on an asserted repugnancy of that section to the Fifth, Sixth, Ninth, and Tenth Amendments to the Constitution, and on the further ground "that Congress had no power to enact such a law, such power being specifically reserved to the states or the people by the Constitution of the United States." The contention is wholly without

merit and deserves no consideration. That Congress has power under the constitution to enact a law punishing bribe taking on the part of officers of the United States and others acting in an official capacity for the United States is patently within its general powers to make all laws necessary and proper for carrying into execution the particular powers specifically conferred upon it.

The judgment below should be and is affirmed.

