## CARVALHO v. UNITED STATES.
### No. 2575.

Circuit Court of Appeals, First Circuit.
Dec. 17, 1931.

William W. Blodgett, of Providence, R. I., for appellant.

Edward F. McElroy, Asst. U. S. Atty., of Providence, R. I. (Henry M. Boss, Jr., U. S. Atty., and George R. Beane, Asst. U. S. Atty., both of Providence, R. I., on the brief), for the United States.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge.

Carvalho was convicted in the District Court of Rhode Island on an indictment which charged him (1) with unlawfully possessing property designed for the manufacture of intoxicating liquor; and (2) with the unlawful manufacture of intoxicating liquor, and he appealed.

The question raised by the assignments of error is whether the court erred in admitting at the trial evidence procured by a search or inspection of the defendant's premises and the seizure of liquor, a still, and utensils, which search or inspection and seizure the defendant claims to have been unlawful.

The premises of the defendant consisted of a cottage house, his dwelling place, in the rear of which was a garage located about 30 feet from the house; and in the rear of the garage was a building, built apparently for a henhouse. The premises were inclosed by a wire fence having a gate at the front, which was open on the day in question. On January 23, 1930, about 4:30

o'clock in the afternoon, three prohibition agents were in the vicinity of these premises. They testified that they had information that there was a still operating in that locality; that, when they arrived in front of the house, they smelled the odor of fermenting mash and thereupon walked through the gate directly to the building at the rear of the garage, where they looked through the window of this building and saw a still of about 75-gallon capacity in operation; that they then entered the door of the building, and, after looking around, took away the still, about 10 gallons of distilled spirits and 40 barrels of mash, all of which belonged to the defendant; that while there they observed a water pipe running from the building where the still was directly to the dwelling house. A chemical analysis of the distilled spirits showed they were moonshine fit for beverage purposes with an alcoholic content of 53.49, and that two samples of the mash were analyzed; and the analysis indicated that the mash was fit for distillation and the samples contained an alcoholic volume of 12.53 and 1.05, respectively. The agents had no search warrant to search the premises. No one was in the building or upon the premises at the time, and no arrest was made.

A motion to suppress the evidence thus procured was seasonably made and denied, subject to the defendant's exception; and the admission of this evidence at the trial was duly excepted to.

The government seeks to justify the entry of the building and the search or inspection and seizure here made on the ground that a crime was being committed in the presence of the officers, which gave them a right to enter and suppress the crime in an attempt to arrest the offender, and whatever they learned or seized was competent evidence for the jury to consider. We do not feel called upon to consider the case from this point of view.

Section 92, title 26, U. S. C. (26 USCA § 92), provides: "Any collector, deputy collector, internal-revenue agent, or inspector may enter, in the daytime, any building or place where any articles or objects subject to tax are made, produced, or kept, within his district, so far as it may be necessary, for the purpose of examining said articles or objects. * * *" See Revised Statutes, § 3177.

Section 299, title 26, U. S. C. (26 USCA § 299), provides: "It shall be lawful for any revenue officer at all times, as well by night as by day, to enter into any distillery or building or place used for the business of distilling, or used in connection therewith for storage or other purposes, and to examine, gauge, measure, and take an account of every still or other vessel or utensil of any kind and of all low wines, and of the quantity and gravity of all mash, wort, or beer, and of all yeast, or other compositions for exciting or producing fermentation in any mash or beer, of all spirits and of all materials for making or distilling spirits, which may be in any such distillery or premises, or in possession of the distiller. * * *" See Revised Statutes, § 3276.

Section 45, title 27, U. S. C. (27 USCA § 45), which is section 28 of title 2 of the National Prohibition Act, provides: "The commissioner, his assistants, agents, and inspectors, and all other officers of the United States, whose duty it is to enforce criminal laws, shall have all the power and protection in the enforcement of this chapter or any provisions thereof which is conferred by law for the enforcement of existing laws relating to the manufacture or sale of intoxicating liquors under the law of the United States."

The prohibition agents, whose action is here complained of, were officers of the United States within the meaning of section 45, title 27, U. S. C., 27 USCA § 45 (Steele v. United States No. 2, 267 U. S. 505, 45 S. Ct. 417, 69 L. Ed. 761), and were entitled, in the enforcement of the prohibition laws, to exercise the powers conferred by section 92 and section 299, title 26, U. S. C. (26 USCA §§ 92, 299), above quoted, which give the right to enter any distillery, or building used for the business of distilling or where articles subject to tax are made, and to search or inspect the same.

The officers, before they entered the building, knew from what they had seen that it was a distillery and that the articles there made were subject to tax. Their entry therefore was lawful. Being lawfully in the building and their examination disclosing the existence there of property which had come into existence through a violation of law so that the possessor had no property right in it (section 25, title 2, National Prohibition Act, 27 USCA § 39), the seizure was not unreasonable within the meaning of the Fourth Amendment. This was the holding of the Circuit Court of Appeals in the Sixth Circuit in Hilsinger v. United States, 2 F.(2d) 241.

The officers by entering the yard and looking through the window of this building, violated no constitutional rights of the defendant. Gracie v. United States (C. C. A.) 15 F.(2d) 644.

The evidence here in question, having been lawfully procured, was properly admitted.

The judgment of the District Court is affirmed.