# Deputization of Members of Congress as Special Deputy U.S. Marshals

The deputization of Members of Congress as special Deputy U.S. Marshals is inconsistent with separation of powers principles and with the statutory language and historical practice governing special deputation.

May 25, 1994

MEMORANDUM OPINION FOR THE ACTING GENERAL COUNSEL
UNITED STATES MARSHALS SERVICE

You have requested our assistance in determining whether the United States Marshals Service may deputize Members of Congress as special Deputy U.S. Marshals. The Director of the Marshals Service is authorized to deputize the following individuals to perform the functions of Deputy Marshals: selected officers or employees of the Department of Justice; federal, state or local law enforcement officers; private security personnel to provide courtroom security for the Federal judiciary; and other persons designated by the Associate Attorney General. 28 C.F.R. § 0.112; *see also* 28 U.S.C. § 561(f) (authorizing Director of Marshals Service to appoint "such employees as are necessary to carry out the powers and duties of the Service").

We believe that deputation of Members of Congress is inconsistent with separation of powers principles and with the statutory language and historical practice governing special deputation.[1] First, deputizing Members of Congress violates the principle recognized in *Bowsher v. Synar*, 478 U.S. 714 (1986), that Congress may not exceed its constitutionally prescribed authority by playing a direct role in executing the laws. The Marshals Service is clearly a part of the executive branch[2] and the primary duties of Deputy Marshals are the execution and enforcement of federal law. *See Steele v. United States*, 267 U.S. 505, 508 (1925) (deputy marshals are "chiefly charged with the enforcement of the peace of the United States"); *United States v. Krapf*, 285 F.2d 647, 649 (3d Cir. 1960) (duties of marshals include the "enforcement, maintenance and administration of federal authority"); 28 U.S.C. § 566 (describing the duties of the Marshals Service). Permitting Members of Congress to execute and enforce the laws encroaches upon the very heart of the executive authority and violates one of the fundamental tenets of separation of

---

[1] Because we think that the result is clear under a *separation of powers* analysis, we do not address the argument that special deputation of Members of Congress is invalid under the Incompatibility Clause

[2] The United States Marshals Service is a bureau within the Department of Justice and under the authority and direction of the Attorney General. 28 U S C § 561.

powers jurisprudence: "The structure of the Constitution does not permit Congress to execute the laws." *Bowsher v. Synar*, 478 U.S. at 726.

Members of Congress presumably request special deputation so that they may carry weapons for personal security and not so that they may actually execute or enforce the law. Nonetheless, deputized Members of Congress will have statutory authority to enforce the law. Moreover, the fact that a legislative usurpation of executive power may prove to be innocuous or inchoate does not mean that it is constitutionally permissible. Legislative intrusions into the executive sphere that may prove harmless in practice nonetheless violate separation of powers principles. *See Metropolitan Washington Airports Auth. v. Citizens for the Abatement of Aircraft Noise, Inc.* 501 U.S. 252 (1991); *Bowsher*, 478 U.S. 714. "The separated powers of our Government cannot be permitted to turn on" speculative assessments about the likelihood of a legislative official actually exercising usurped executive authority; "in the long term, structural protections against abuse of power [are] critical to preserving liberty." *Bowsher*, 478 U.S. at 730.

Deputation of Members of Congress, furthermore, is not authorized by the statute and regulations governing special deputation. 28 U.S.C. § 561(f) states that the Director of the Marshals Service may appoint "such employees *as are necessary to carry out the powers and duties of the Service*." (emphasis added). Similarly, 28 C.F.R. § 0.112 provides that the Director may deputize certain persons "to perform the functions of a Deputy U.S. Marshal." Both the Marshals Service and this Office have repeatedly taken the position that the use of the special deputation authority should be limited to those circumstances where the United States Marshal needs the deputations in order to accomplish his or her specific mission. *See Special Deputations of Private Citizens Providing Security to a Former Cabinet Member*, 7 Op. O.L.C. 67 (1983) (concluding that Marshals Service could not deputize Henry Kissinger's private security service); Memorandum for the Attorney General, from John M. Harmon, Acting Assistant Attorney General, Office of Legal Counsel (Mar. 28, 1977) (advising that it would be unlawful for the Marshals Service to deputize former Vice President Rockefeller's security detail). The Marshals Service does not need Members of Congress to serve as deputy marshals in order to perform its assigned functions; indeed, Members of Congress *cannot* perform the functions of the Marshals Service without running afoul of separation of powers principles.

It is therefore our conclusion that the Marshals Service cannot continue to grant requests from Members of Congress for special deputation.

WALTER DELLINGER
*Assistant Attorney General*
*Office of Legal Counsel*
