## WILLIAMS v. UNITED STATES.
### No. 10824.

United States Court of Appeals
District of Columbia Circuit.

Argued March 5, 1951.

Decided May 17, 1951.

Joseph Levin, Washington, D. C., for appellant.

Raymond E. Baker, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty., John C. Conliff, Jr., and Joseph M. Howard, Asst. U. S. Attys., all of Washington, D. C., were on the brief, for appellee.

Before CLARK, PROCTOR and FAHY, Circuit Judges.

PROCTOR, Circuit Judge.

An automobile truck was stolen in the District of Columbia; driven into Maryland; concealed in a woods; stripped of the wheels and tires, and the body burned. In the course of an investigation involving transportation of the stolen vehicle in interstate commerce,[1] Federal agents obtained a confession from Williams, appellant. Upon his trial the confession was admitted by the court over the dual objection that it was the product of an illegal arrest and was involuntary. Those contentions are renewed here on appeal.

Considerable testimony was adduced concerning the confession. We give only a brief outline. The Federal agents, Nau and Buscher, testified that after receiving a report from the Federal Bureau of Investigation's office in Baltimore, indicating Williams' complicity, they met him on the street near his home in Washington, D. C.; identified themselves as F. B. I. agents; informed him of their desire to talk with him about the stolen truck, and requested him to go to their office in Washington, which he willingly did. They put him under no physical restraint; did nothing to create any impression that he was under detention. He asked them if he were under arrest. They told him he was not; that he could leave or get a lawyer, if he desired. Although Williams at first denied any knowledge of the truck, when the agents related their information implicating him, he stated that he and one Lucas had stolen the truck in the District and had taken it to Maryland, where they removed the wheels and tires to install on another truck. The statement was put into writing by Agent Nau; then read carefully by Williams who, at request of the agents, added in his own handwriting, over his signature, that he had read the statement and it was true to the best of his knowledge. The agents then informed the

---

1. 18 U.S.C.A. § 2312. "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 806."

694

United States Attorney of developments. Upon his advice they put Williams under arrest and took him before the United States Commissioner, who held him for action of the Grand Jury. The conversation leading to the confession lasted about forty-five minutes. The entire episode covering the meeting with Williams until arrival at the Commissioner's office occupied the period from about noon until 2 P.M.

Williams, testifying after the agents, did not contradict them in any material respect. Although testifying that he felt he had to go with the agents, and was not at liberty to leave, he did not deny their assurance that he was not under arrest and could leave or get a lawyer. Further testifying, he stated that he first denied to the agents that he had stolen the truck, but when they informed him of a statement by Lucas, and pointed out that it might require a trial in Maryland for grand larceny, he became fearful that he would not be justly treated in Maryland. So, to avoid being taken there, he falsely confessed that he joined with Lucas in stealing the truck in the District and transporting it to Maryland.[2]

We think it clear that Williams was not under arrest or restraint when he made and signed the incriminating statement. Cf. United States v. Grote, 2 Cir., 1944, 140 F.2d 413. In our opinion no other inference can be fairly drawn from the evidence. We find nothing to suggest that his fears of unjust treatment in Maryland, if in truth he entertained them, or his hopes of favorable treatment in the District, were engendered by anything the agents said. They made no reference to such matters, and in no way coerced or induced the statement made by Williams. Hence, we conclude that the trial court was correct in holding the confession voluntary and admissible. There being no substantial evidence impugning the voluntary nature of the statement it was unnecessary for the court to pass that on as a question for the jury to determine. Yet, as the court indicated, the truth, or falsity of the statement did remain for the jury's consideration.

Affirmed.

FAHY, Circuit Judge, concurs in the result.

2. Although in his testimony he repudiated his confession as to theft and transportation of the truck, he nevertheless admitted on the stand that he was guilty of larceny in Maryland in stealing the wheels and tires.