UNITED STATES of America
v.
Angelo A. GUERRINA.
Crim. No. 17078.

United States District Court,
E. D. Pennsylvania.

Jan. 11, 1955.

W. Wilson White, U. S. Atty., Norman Kron, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Robert M. Taylor, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This case is presently before the Court on reargument of defendant's motion to

suppress evidence and for return of property taken. The defendant was indicted on February 19, 1953 for income tax evasion covering the years 1946, 1947, 1948 and 1949, in violation of 26 U.S.C. § 145(b). On February 26, 1953 defendant filed his timely motion to suppress evidence and to return property. A hearing was held thereon on March 31, 1953, at which testimony was taken. On May 5, 1953 this Court entered its opinion and order, D.C., 112 F.Supp. 126, made findings of fact on the basis of the testimony, sustained the defendant's motion, and ordered the return of property taken and suppression of the evidence obtained by the Internal Revenue agents. The order covered evidence secured both at interviews with the defendant starting on or about December 12, 1949, and at a visit to defendant's office, in his absence, on December 26, 1949. In the opinion filed two questions were considered by the Court. First, whether the defendant ever legally consented to an examination of his books and records by the Internal Revenue agents and, secondly, whether an unauthorized entrance by the Internal Revenue agents into defendant's filing cabinets, taking therefrom certain evidence, upon which the prosecution was at least partially based, was an unlawful search and seizure in violation of the fourth amendment to the Constitution of the United States. Both of these questions were resolved against the Government and the order entered by the Court provided for return of any property taken and suppression of evidence obtained on all the aforesaid visits. No further proceedings were had and although several terms of court passed, the Government never moved the case for trial.

On July 20, 1954 the Government filed its petition for reargument averring that the question of the dividing line between proper investigative procedures and those which encroach improperly upon constitutionally granted rights is an issue of such vital importance to the Government that the matter warranted further consideration by the Court. In support of its petition the Government cited the recent opinion of the Court of Appeals for the Third Circuit, filed July 1, 1954, United States v. Burdick, 214 F. 2d 768. This Court on July 21, 1954 granted reargument and a hearing was held, at which time both the Government and defendant submitted briefs in support of their respective positions.

A reconsideration of the case has convinced the Court that on one aspect the earlier opinion was erroneous. In the light of the opinion in the Burdick case, the question as to whether the defendant consented to the examination of his check-stubs and other records which he himself made available to the agents, without first being warned of his constitutional rights, is one that cannot be determined preliminarily as a matter of law but is one which must be determined as a question of fact by the jury at the time of trial. The Burdick case, which cites with approval Montgomery v. United States, 5 Cir., 1953, 203 F.2d 887, 893, effectively disposes of this question. While it is true that the facts in each of the above two cited cases differ considerably from those in the instant case, the facts in each of those cases clearly demonstrate that criminal prosecution was contemplated at the time the defendants were questioned by special agents of the Internal Revenue Bureau. The import of the decisions in the Burdick and Montgomery cases, supra, is that failure to warn the defendants of their constitutional rights before questioning them as to their potential tax liability does not per se and as a matter of law render their admissions involuntary. The circumstances of the investigation and the failure to warn the defendants of their constitutional rights were matters which went only to the weight and credibility of the evidence thus obtained and not to its admissibility. I do not feel that the facts in the instant case are so different from either the Burdick or Montgomery cases as to warrant this Court reaching a different result. The order heretofore

entered on May 5, 1953 will, therefore, be modified to the extent that the evidence procured by the agents of the Internal Revenue Bureau on their first visits and while the defendant was present will not be suppressed. The Government may introduce such evidence at trial, without prejudice however to the right of the defendant at that time to raise for jury determination the question as to whether the disclosures then made were in fact voluntary.

█ The Government in its motion, in its brief, and at argument also requested the Court to reconsider and vacate its finding that the visit and examination of the Internal Revenue agents on December 26, 1949 constituted an illegal search and seizure. The basis for this request is that the defendant has failed to sustain his burden of establishing an illegal search and seizure. I disagree under the facts as I have found them in the previous opinion. Without a search warrant and without permission from the defendant, the agents walked into his office, gained access to his closed files and took therefrom checkbooks, invoices and other records. I found that such action was without defendant's permission, was not in pursuance of a search warrant legally issued, and was, therefore, an unlawful search and seizure in violation of the fourth amendment to the Constitution of the United States.

█ The Government has argued that the defendant by asking the agents on or about December 22, 1949, whether they had all they needed, gave the agents a blanket invitation to return thereafter in his absence to go through all his files and examine all books and records therein contained. I did not in my previous opinion and do not now construe defendant's words as granting permission to the agents to return in his absence and search his files.

The Government has also contended, at least inferentially, that the question as to the illegality of search and seizure is one of fact to be determined by the jury and that the Court is without power to suppress evidence. In the case of Steele v. United States, 1925, 267 U.S. 505, 511, 45 S.Ct. 417, 419, 69 L.Ed. 761, a case involving the exclusion of information gained by a search warrant, Mr. Chief Justice Taft made the following statement:

> "The second answer is that the question of the competency of the evidence of the whisky by reason of the legality or otherwise of its seizure was a question of fact and law for the court and not for the jury."

See also Boyer v. United States, 5 Cir., 1937, 92 F.2d 857, 859, at page 858, wherein Circuit Judge Foster said:

> "It was also within the province of the court to determine for himself without the intervention of a jury, whether the evidence secured by the search should be suppressed."

citing Steele v. United States, supra.

█ I have concluded, therefore, that the question of suppression of evidence because of illegality of search and seizure is one for determination by the Court and not by a jury. That part of the order of May 5, 1953 ordering the return of any property taken from the files of the defendant in his absence on December 26, 1949 and suppressing all evidence obtained on that visit by the Internal Revenue agents will stand. Evidence obtained by an unconstitutional search and seizure is not admissible against the defendant and a conviction obtained thereon would of necessity have to be reversed, Murby v. United States, 1 Cir., 1923, 293 F. 849.

An appropriate modifying order will be entered in accordance with this opinion.