UNITED STATES, Plaintiff,

v.

Geraldine JENNINGS, Defendant.

Crim. No. 826–56.

United States District Court
District of Columbia.

Sept. 25, 1956.

Oliver Gasch, U. S. Atty., and Arthur J. McLaughlin, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Jean F. Dwyer, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is a trial on charges of two violations of the laws relating to narcotics. The trial is by the Court without a jury, a jury trial having been waived.

The defendant's counsel raises the objection that the search of the premises in which the violations occurred and the seizure of the narcotic drugs and narcotic paraphernalia were illegal. A motion to suppress the evidence on that ground was previously made and was denied.

At the outset the question arises whether the matter may be reopened at the trial. The Court reaches a negative conclusion. Rule 41(e) of the Federal

Rules of Criminal Procedure, 18 U.S.C.A. provides that "A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained" on any one of a number of grounds enumerated in the Rule. The Rule further provides that "The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing." In compliance with the Rule, counsel for the defendant made a motion to suppress the evidence prior to the trial and the motion was denied.

■ The Court is of the opinion that this ruling is binding on the trial court and the objection may not be renewed. The Court, under the Rule, has discretion to entertain a motion to suppress if it was not made before the trial, although such discretion, in the opinion of the Court, should be sparingly exercised. On the other hand, the Rule does not permit the Court to rehear or review the matter if a motion had been properly made and disposed of. There is sound reason for this procedure. Its purpose is to prevent the trial on the merits from being diverted to a consideration of tangential issues that can be properly isolated and determined in advance in the interest of efficiency.

This matter was before the Court of Appeals for this circuit on a very recent occasion in the case of Waldron v. United States, 95 U.S.App.D.C. 66, 70, 219 F.2d 37, 41, in which Judge Prettyman, speaking for a unanimous Bench, made the following statement:

"It seems clear to us that a ruling on a motion to suppress evidence becomes a controlling rule in the case just as does a ruling made during a trial. A litigant is not required— indeed he may possibly not be permitted—to renew contentions upon which the court has ruled. Once the court has disposed of a point concerning the admission or exclusion of evidence, litigants must proceed to try the case accordingly."

Consequently, the Court reaches the definite conclusion that a ruling denying a motion to suppress made before the trial under Rule 41(e) of the Federal Rules of Criminal Procedure, becomes the law of the case and is binding on the trial court. The objection may not be renewed at the trial.

■ Without deviating from this conclusion and without reopening this matter this Court might add, purely by way of *obiter dictum*, that if the matter were open, and the Court rules that it is not, this Court would reach the same conclusion as was reached by the judge who heard the motion. The evidence shows that the Police Department received a telephonic complaint to the effect that at specified premises a particular person had brought in narcotic drugs and was putting them into capsules. That anonymous complaint standing alone, without any knowledge as to the reliability of the source of the information, does not constitute sufficient probable cause to justify an arrest without a warrant. On the other hand, taken together with other circumstances, it may be sufficient for that purpose.

The evidence indicates that in this case, acting upon this information, the officers went to the premises in question and knocked on the door. The door was opened and they could see from the hallway, before entering the premises, certain paraphernalia open to view that are used in connection with narcotic drugs. This view, taken together with the information just referred to, is sufficient to constitute probable cause for an arrest on a felony charge.

■ There is another approach to this matter. The very possession of that paraphernalia constitutes a misdemeanor which was being committed in the presence and view of the officers and an ar-

rest without a warrant was justified from that point of view.

Consequently, purely by way of dictum the Court expresses the view that the search and seizure were legal, but it reiterates that the question is not open at this stage of the proceeding.

 On the merits, there is no doubt as to the defendant's guilt. The defendant took the witness stand and did not deny or attempt to deny her guilt but, in fact, candidly admitted that the fourteen capsules of heroin which were seized in the apartment were her property.

The Court finds the defendant guilty on both counts and the case will be referred to the Probation Officer for a pre-sentence investigation.