UNITED STATES of America

v.

Richard A. PURGITT and Arthur E. Melandry, Defendants.

Cr. No. 704–59.

United States District Court
District of Columbia.

Sept. 18, 1959.

---

Samuel Bogorad, Washington, D. C., for defendants-movants.

Thomas A. Flannery, Asst. U. S. Atty., Washington, D. C., for defendants.

YOUNGDAHL, District Judge.

This cause came on to be heard on defendants' motion to suppress evidence. The Court has heard testimony and considered the oral arguments and memoranda submitted.

### Findings of Fact

1. On May 27, 1959, two police officers went to 1764 Columbia Road, N. W., D. C., to investigate a report that gam-

bling activities were being conducted at apartment No. 3 in this building.

2. The officers entered the building and proceeded to the third floor. Outside of Apartment No. 3, and while standing in the hallway, the officers were able to look through a hole in the door and observe the defendants conducting what appeared to be gambling activities. One of the defendants was observed writing on an Armstrong "scratch sheet"; the other was heard to say on the telephone, "$5.00 to win? O. K." On May 28, 29, June 4 and June 9, the same officers observed and heard the defendants through the hole in the door transacting similar business. Based on this information, the officers secured an arrest warrant for a John Doe No. 1, describing defendant Melandry, and a search warrant for Apartment 3, 1764 Columbia Road, N. W., D. C.

3. On June 17, 1959, armed with the warrants, the officers proceeded to the apartment where they again looked through the hole in the door and saw the defendants engaged as on the previous occasions. The officers knocked, announced that they were the police and had come to execute the warrants for violations of the gambling laws. When admittance was not forthcoming, they broke in the door, arrested the defendants and searched the apartment. A quantity of betting slips and gambling paraphernalia were seized and it is this evidence that is sought to be suppressed.

### Conclusions of Law

■■■ 1. The warrants were issued on probable cause. The arrest of defendant Purgitt without a warrant was lawful as the police officers had observed him committing a felony in their presence. Jennings v. United States, 1957, 101 U.S. App.D.C. 198, 247 F.2d 784; Mills v. United States, 1952, 90 U.S.App.D.C. 365, 196 F.2d 600. In any event, the search was lawful as it was conducted pursuant to the valid search warrant.

■■ 2. The breaking of the door to the apartment was proper as the officers gave notice of their authority and purpose and were refused admittance. 18 U.S.C. § 3109; Miller v. United States, 1958, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed. 2d 1332.

■■■ 3. The fact that the officers prepared the affidavit upon which the search warrant was based does not render the warrant invalid. There is no good reason why the commissioner must personally type up the affidavit. If a complaint is dated, signed and sworn to by one of the complainants and the commissioner is satisfied that the sworn statements constitute sufficient basis for the issuance of the warrant, the requirements have been fulfilled. Federal Rules of Criminal Procedure, rules 3, 4, 18 U.S.C. Moreover, the argument that the warrants are invalid because an Assistant United States Attorney gave his approval to the complainants to secure the warrants merits little discussion. The additional protection given the public by the practice of having the United States Attorney's office check the affidavits for legal sufficiency is commendable, not objectionable. It makes little sense, from a practical standpoint, to have a warrant issue in a case that the prosecutor's office will not prosecute. Indeed, in certain cases Congress has required that this very practice of prior approval be followed. 18 U.S.C. § 3045. Of course, this is not to say that the commissioner is relieved from his duty of independently satisfying himself that grounds exist for the issuance of the warrant (Federal Rule of Criminal Procedure 41), but there is nothing to indicate that the commissioner here proceeded in any way other than that required.

The motion to suppress is denied.