UNITED STATES of America

v.

Melvin E. BACHMAN.

Crim. No. 66–77.

United States District Court
W. D. Pennsylvania.

Oct. 4, 1966.

Gustave Diamond, U. S. Atty., by James P. McKenna, Jr., Thomas A. Daley, Asst. U. S. Attys., Pittsburgh, Pa., for plaintiff.

Robert G. MacAlister, Abraham Fishkin, Kalman A. Goldring, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, District Judge.

Upon amply sufficient evidence, the defendant was convicted by a jury of income tax evasion for the calendar years 1959, 1960 and 1961. 26 U.S.C.A. § 7201. He now moves for judgment of acquittal or, in the alternative, for a new trial.

First, the defendant contends that the testimony of Keith W. Hyatt, a special agent with the Intelligence Division of the Internal Revenue Service, should have been stricken pursuant to Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Hyatt's testimony concerned defendant's bank deposits during the indictment years and also embraced factual matter which he learned or failed to learn from the defendant and his records at three interviews. The last interview was held on November 12, 1963, at the defendant's

home in the presence of his accountant, Mr. David Greenblatt, where questions and answers were recorded and later transcribed. During this inteview the defendant was advised of his constitutional rights (T., pp. 211–212).

Before Hyatt began to testify for the government, the court instructed the prosecution to give the defense a chance to object to what transpired at the interviews and ask for a voir dire hearing in order to test the voluntariness of any statements made by the defendant at those interviews (T., pp. 207–208). The court specifically told counsel for the defendant that they could request a voir dire hearing when Hyatt finished his preliminary testimony (T., p. 209). There was nothing in the prosecution's offer of proof or in the agent's testimony which indicated that the production of records by the defendant and his statements made to the agent at any of the interviews were other than voluntary. At no time did the defendant suggest that he was subject to coercion, fraud, deceit or trickery with respect to his production of records or statements made at any of the interviews. Indeed, some of the records requested by the agent were not produced by the defendant.

At the conclusion of Hyatt's direct examination, the defense, instead of requesting a voir dire hearing, was content to move to strike "all" the testimony of the agent, and, particularly, his testimony concerning the interviews, on the grounds that the testimony was produced contrary to the ruling of the court and that the testimony was obtained in violation of the defendant's constitutional rights (T., p. 224). Defendant contends that the denial of this motion to strike "caused prejudice to Defendant contrary to the provisions of the Constitution of the United States." (See: Motion, 3(b).)

■ We think it would not be proper to strike the damaging testimony of Hy-

att concerning the defendant's bank deposits made during the indictment years, for that testimony was relevant, competent, and material, and therefore was admissible to prove that the defendant understated his income in substantial amounts for each of those years (T., pp. 219–223).

■ With respect to the assertion that the agent's testimony was produced contrary to the ruling of the court, it appears that at no time during his direct examination did the defendant object and request a voir dire hearing on the issue of voluntariness in the absence of the jury.[1] At the conclusion of the agent's direct examination, the defendant did not demand a voir dire in order to establish that his declarations to Hyatt were other than voluntarily given. On the contrary, after the motion to strike was denied, the defendant waived his right to cross-examine the agent, did not testify, and did not offer or produce any evidence to show that the statements made by him to the agent or his production of records at any of the three interviews were other than voluntary. Cf. United States v. Spomar, 339 F.2d 941 (7th Cir. 1964); United States v. Wheeler, 275 F.2d 94 (3d Cir. 1960), aff'g 172 F.Supp. 278 (W.D.Pa.1959); Turner v. United States, 222 F.2d 926, 933 (4th Cir. 1955); United States v. Burdick, 214 F.2d 768, 773 (3d Cir. 1954); Bohrod v. United States, 248 F.Supp. 559 (W.D. Wis.1965).

■ With respect to the contention that defendant's constitutional rights were violated, we think that the *Miranda* case, upon which the defendant relies, is inapplicable to non-custodial interrogations of a taxpayer by special agents of the Internal Revenue Service. Kohatsu v. United States, 351 F.2d 898 (9th Cir. 1965); Rickey v. United States, 360 F.2d 32 (9th Cir. 1966); United States

---

1. The alert trial counsel for defendant, however, did object to other matters dur-

ing the course of Hyatt's direct examination. (See: T., pp. 216–217, 220.)

v. Fiore, 258 F.Supp. 435 (W.D.Pa. Sept. 14, 1966). In the case at bar, as in *Kohatsu*, the defendant was not under indictment or arrest, subpoenaed, or otherwise deprived of his freedom of action at any of the interviews; the interviews were investigatory, not custodial; the accusatorial stage had not as yet been reached; whether a crime had occurred was still unresolved.[2]

It is the opinion of the court that the motion to strike the agent's testimony was properly denied.

The defendant also complains that the government failed to offer in evidence the transcript of the interview held on November 12, 1963, and that this failure was prejudicial per se, citing Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We think this complaint is without merit. It was not made at the trial. The transcript of the interview had been supplied by the prosecution to the defense long prior to the trial. In view of the strenuous objections to the government's offer of proof through agent Hyatt, it is difficult to attribute to the defense a genuine belief that the failure of the prosecution to offer the transcript in evidence at the trial was prejudicial. If the defendant actually wanted the transcript admitted into evidence, he could have requested the court to admit it as a court exhibit, or offered it in evidence himself, but he did neither. At the trial he did not so much as suggest that the transcript was a necessary exhibit for jury inspection; neither did he see fit to use it in cross-examination of the special agent, which he was free to do if he thought such use would be beneficial to his defense.

An appropriate order will be made denying the motion for judgment of acquittal or, in the alternative, for a new trial.

---

2. Cf. United States v. Sclafani, 265 F.2d 408 (2d Cir. 1959); Smith v. United States, 250 F. Supp. 803 (D.N.J.1966).